UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BURNEY ROBINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No: 04 C 5146 |
| | ) | Judge John W. Darrah |
| ROGER E. WALKER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Burney Robinson, filed suit against the Defendants, Roger E. Walker, Ind. Dewalt, Andrew Fox, Vivian Thomas, B. Brennen, Donald Hulick and A. Wonti.[1] Plaintiff alleges that he was subject to false arrest, false imprisonment, reckless endangerment (related to his arrest), malicious prosecution, obstruction of justice, and placed in "special danger" in violation of his Fourth Amendment and Fourteenth Amendment rights, as well as in violation of state law. (Def's 56.1 at ¶ 1). Currently before the Court is Defendant Roger Walker, Jr.'s Motion for Summary Judgment, which the Plaintiff defends *pro se*.[2]

---

[1] Only Defendant Walker has been served. A plaintiff must serve summons and complaint upon a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Failure to do so is grounds for dismissal. Fed. R. Civ. P. 4(m). Plaintiff filed his Amended Complaint on May 1, 2006 (ECF Docketing report, Document #76). None of the Defendants, save Defendant Walker, was ever served; therefore, pursuant to Rule 4(m), the case is dismissed against Ind. Dewalt, Andrew Fox, Vivian Thomas, B. Brennen, Donald Hulick and A. Wonti without prejudice.

[2] Plaintiff, proceeding *pro se*, filed his Complaint on August 4, 2004. Plaintiff was granted leave to proceed *in forma pauperis*; and during the course of the litigation, the Court appointed two separate attorneys to represent Plaintiff, both of whom withdrew. Plaintiff then requested, and was granted, leave to proceed *pro se*.

1

## FACTS

The undisputed facts, for the purposes of this motion, are taken as true from Defendant Walker's Local Rule 56.1(a) statements of material facts ("Def.'s 56.1").[3]

Plaintiff was convicted of possession of narcotics, retail theft above $150.00, and retail theft below $150.00 in 2002 in the Circuit Court of Cook County, Illinois. (Def's 56.1 at ¶ 1).

Plaintiff was sentenced to the Illinois Department of Corrections ("IDOC"). (Def's 56.1 at ¶ 1).

On January 15, 2004, before Plaintiff was released from the IDOC, and as a condition of his release, Plaintiff signed a Mandatory Supervised Release Agreement (hereinafter "MSR

---

[3] Plaintiff failed to comply with Local Rule 56.1(b)(3)(B), which requires the opposing party to respond to each factual statement setting forth any disagreements and citing support for any disagreements. (L.R. 56.1(b)(3)(B). Plaintiff, who, as noted above, is proceeding *pro se*, was provided a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," by the Defendant, as required by Local Rule 56.2. This Notice stated, in part:

> Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should not be considered.

(Local Rule 56.2). Plaintiff, after being provided notice, failed to comply with Local Rule 56.1(b)(3)(B). The Court examined the Plaintiff's filings in their entirety, and Plaintiff's *pro se* filings have been liberally construed. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998) ("The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."). However, even considering the Court's obligations to liberally construe the filings, Plaintiff's *pro se* status does not relieve him of the burdens of this Court's procedural requirements. *See e.g., Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("rules apply to uncounseled litigants and must be enforced."). "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991). Thus, Defendant's statements of fact are deemed to be true for purposes of ruling on Defendant's Motion for Summary Judgment. *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633-34 (7th Cir. 2005). Acting *pro se* does not excuse violation of Rule 56.1. *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

Agreement"), which detailed the conditions of his release. (Def's 56.1 at ¶ 6, 7). Condition #3 of the MSR Agreement required Plaintiff to report to an agent of the Department of Corrections after he was released from the IDOC. (Def's 56.1 at ¶ 8). Condition #9 of the MSR Agreement required Plaintiff to obtain permission of an agent of the Department of Corrections before changing his residence. (Def's 56.1 at ¶ 9).

On January 16, 2004, Plaintiff was released from the IDOC on Mandatory Supervised Release. (Def's 56.1 at ¶¶ 1, 5).

Upon release, Plaintiff was instructed to report to the Ritz Hotel, located at 1006 S. State Street, Cook County, Chicago, Illinois, and to contact Automated Management Service (hereinafter "AMS") upon his arrival. (Def's 56.1 at ¶ 10). AMS is a telephone management entity that monitors and records contact and communications between IDOC Agents and former prisoners who have been released and records former inmates scheduled check-in calls. (Def's 56.1 at ¶ 10). Plaintiff failed to contact AMS, as instructed. (Def's 56.1 at ¶ 11).

On January 27, 2004, eleven days after Plaintiff was released, Plaintiff's parole agent contacted the Ritz Hotel and was informed that Plaintiff never checked in. (Def's 56.1 at ¶ 12). A warrant for the arrest of Plaintiff was issued on January 29, 2004. (Def's 56.1 at ¶ 13).

On April 16, 2004, Plaintiff's cousin, Lee Centace, contacted AMS and told AMS operators that Plaintiff is living at 6343 S. Campbell, Chicago, Illinois. (Def's 56.1 at ¶ 14). On April 19, 2004, eighty-two days after the arrest warrant was issued, Plaintiff was taken into custody by Parole Agent Dewalt, with the assistance of Chicago Police Department 3rd District Tactical Officers, at 6343 S. Campbell, Chicago, Illinois. (Def's 56.1 ¶ 15).

On April 21, 2006, Plaintiff received a notice of charges and elected to waive his preliminary hearing before the Prison Review Board (or "PRB"). (Def's 56.1 ¶ 16). On May 4, 2004, Plaintiff received a full hearing; and a PRB declared Plaintiff to be a technical violator of Rules #3 and #9 of his MSR Agreement. Plaintiff's release was, therefore, revoked; and he was returned to the custody of the IDOC. (Def's 56.1 at ¶ 18).

Defendant Walker, the Director of the IDOC, during the time Plaintiff was on Mandatory Supervised Release, has no knowledge of Plaintiff's having been re-incarcerated and had no personal involvement with Plaintiff's re-incarceration. (Def's 56.1 at ¶¶ 2, 20, 21). Defendant Walker did not prepare or sign the warrant or the parole violation report that led to Plaintiff's arrest and re-incarceration. (Def's 56.1 at ¶¶ 22, 23). Defendant Walker in not an employee of the Illinois PRB, which is a separate and distinct agency from the IDOC. (Def's 56.1 ¶ 22-23)[4].

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56 (c) when no genuine issue of material fact exists or when, drawing all factual inferences in favor of the nonmoving party, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992).

One of the "principal purposes" of awarding summary judgment is to "isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment

---

[4] Defendant Walker's 56.1 Statement repeats the numbering of paragraphs 22 and 23.

is responsible for demonstrating to the court that there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson*, 477 U.S. at 254-56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## ANALYSIS

Plaintiff filed suit against Defendant Walker, requesting money damages, both compensatory and punitive. Defendant Walker contends that he is immune from damages and from the suit through the application of the doctrine of qualified immunity.

The doctrine of qualified immunity shields public officials who are performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. *Hope v. Pelzer*, 536 U.S. 730 (2002). This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *see also Anderson v. Creighton*, 483 U.S. 635 (1987) (*Anderson*).

The first question to be resolved in the analysis of qualified immunity is whether, when taken in the light most favorable to plaintiff, the facts demonstrate that the defendant public official has violated the plaintiff's constitutional rights. Implicit in the analysis is the requirement that the law which a defendant is alleged to have violated must have been clearly

established in the particularized sense and that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of "incompetence." *Anderson*, 483 U.S. 635. Neither factor is present from the facts in this case.

Here, examining the facts currently before the Court, it cannot be said that Defendant Walker could have been on notice that he violated any clearly established law; Defendant Walker, therefore, is entitled to the defense of qualified immunity and is immune from suit. *Rakovich v. Wade*, 850 F.2d 1180, 1211-1212 (7th Cir. 1988). Based on Defendant Walker's 56.1 unrebutted statement of facts, Defendant Walker had no involvement in the arrest or re-incarceration of Plaintiff, nor was he involved in the parole review board hearing and decision that found Plaintiff to be a technical violator of his MSR Agreement. Therefore, even if there were Fourth or Fourteenth Amendment violations regarding Plaintiff and any other named Defendants (although it appears that there were not), Defendant Walker could not have violated Plaintiff's clearly established statutory or constitutional rights to be free from false arrest, false imprisonment, reckless endangerment (related to his arrest), malicious prosecution, or obstruction of justice in violation of his Fourth Amendment and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, as he was not personally involved.

Plaintiff also asserts that his arrest and incarceration put Plaintiff in "a situation of danger," citing *Mitchell v. Duval County School District*, 107 F.3d 837 (11th Cir. 1997), a case involving a duty to protect a person from crimes of third persons. To the extent that Plaintiff is claiming that Defendant Walker, as Director of the IDOC, was involved in Plaintiff's incarceration, which placed Plaintiff in the position of suffering unspecified harm by unnamed

third parties, arguably, Defendant Walker could have been personally involved. However, as noted above, this inquiry must be "particularized" based on the facts confronting Defendant Walker, here; based on the vague assertions before the Court, it is not clear that Defendant Walker violated any clearly established law. *Anderson,* 483 U.S. 635.

Thus, based on the foregoing, Defendant Walker is entitled to qualified immunity; and summary judgment as to Defendant Walker is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant Walker's Motion for Summary Judgment is granted. Further, as Defendants Dewalt, Fox, Thomas, Brennen, Hulick, and Wonti have never been served, the Complaint is dismissed as to those Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Dated: May 29, 2007

JOHN W. DARRAH
United States District Court Judge